# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DOLAN L. WALLACE,

        Plaintiff,

v.                                  CIVIL  ACTION  NO.  3:10-0497

CHASE INVESTMENT SERVICES
CORPORATION, a corporation
licensed to do business in West Virginia, et al.,

        Defendants.

## ORDER

Pending before the Court is Defendants' Rule 12(b)(6) motion to dismiss (Doc. 10). For reasons appearing to the Court, and those stated below, the motion is **DENIED as moot**.

Plaintiff Dolan L. Wallace, an individual who suffers from a degenerative eye disease known as retinitis pigmentosa, filed this discrimination suit against his former employer, Chase Investment Services Corporation ("Chase"), and the Head of Retail Investments at Chase, Alan J. Chabot, on April 16, 2010. Plaintiff's original complaint alleged he was fired as a result of his disability. Accordingly, he raised a claim for wrongful termination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq. See* Doc. 1.

In lieu of an answer, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff's complaint should be dismissed for two reasons: (1) Plaintiff failed to exhaust the necessary administrative remedies prior to filing suit, as

required by the ADA;[1] and (2) Plaintiff improperly named Mr. Chabot as an individual defendant, when there is no individual liability provided for under the ADA. *See* Docs 10 & 11. In response to Defendants' motion, Plaintiff filed a response in opposition and an amended complaint, on June 30, 2010. *See* Docs. 13 & 14. Plaintiff's response states that the relevant case law does not support either of Defendants' contentions. However, rather than engage in an argument on the merits of Defendants' claims, Plaintiff chose to amend his complaint and re-assert his case pursuant to the West Virginia Human Rights Act ("WVHRA"), W.V. Code § 5-11-1, *et seq. See* Docs. 13 & 14. Plaintiff amends his complaint pursuant to Rule 15(a)(1)(B), which allows leave to amend, without court order, within 21 days after service of a motion under Rule 12(b). Fed.R.Civ.Pro. 15(a)(1)(B).

The amended complaint is very similar to the original complaint. It raises the same factual allegations, simply re-asserting these facts to state a claim under the WVHRA, rather than the ADA. *See* Docs. 1 & 14. The amended complaint specifies that it is filed in response to Defendants' Rule 12(b)(6) motion. *See* Doc. 13. In both the response in opposition and the amended complaint, Plaintiff contends that this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000. *See* Docs. 1 & 14. Attached to his response, Plaintiff submits a "right to sue" letter issued to him, by the West Virginia Human Rights Commission, on February 11, 2010. *See* Doc. 13-1. The letter provides that it is "[Plaintiff's] **NOTICE OF RIGHT TO SUE** ... issued pursuant to the requirements of West Virginia Code § 5-11-13(b), as amended." *Id.* Additionally, in the response, Plaintiff argues that

---

[1]Specifically, Defendants argue that the case should be dismissed because "the Equal Employment Opportunity Commission ('EEOC') never made a determination as to the merits of any charge filed with it by Plaintiff and never issued Plaintiff a right-to-sue letter prior to Plaintiff's initiation of the instant civil litigation." *Defs.' Mot.* (Doc. 10), at ¶ 2.c.

"[u]nder state law, there is no issue regarding individual liability." *Pl.'s Resp.* (Doc. 13), at 3.

In lieu of a reply to support their Rule 12(b)(6) motion, Defendants filed an answer to Plaintiff's amended complaint, on July 14, 2010. *See* Doc. 15. In the answer, Defendants deny all relevant allegations. However, Defendants admit "that jurisdiction is appropriate for this Court because there is complete diversity amongst the parties and the amount in controversy may exceed the jurisdictional amount." *Id.* at ¶ 6.

It appears to the Court that Plaintiff has resolved the issues raised in Defendants' motion to dismiss by filing his amended complaint and submitting his "right to sue" letter as an attachment to his response. Moreover, the Court construes Defendants' decision not to file a reply to its motion as a concession that the amended complaint and the "right to sue" letter resolve the issues raised therein. Therefore, without rendering an opinion on the merits of the ADA-based claims raised in Defendants' motion, this Court **DENIES** the motion **as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        September 2, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

3